IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DESERET BOOK COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NANJING LIAN YIDU TRADING CO., LTD.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EX PARTE TRO<br><br>Case No. 2:24-cv-00961-JNP<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Deseret Book Company's ex parte motion for a temporary restraining order (TRO). ECF No. 3. The motion is GRANTED.

**FINDINGS OF FACT**

Deseret Book is the owner by assignment of dozens of registered copyrights for paintings created by the artist Greg Olsen. It sells authorized copies of these works. Nanjing Lian Yidu Trading Co., Ltd. (Nanjing Trading Co.) is a company based in China. Although it does not have any rights to the Olsen paintings, it sells reproductions of those paintings on Amazon's U.S. website. Amazon processes the payments for these unauthorized copies.

Deseret Book discovered that Nanjing Trading Co. was selling the unauthorized reproductions and notified Amazon of the copyright infringement. Nanjing Trading Co. submitted numerous counter notifications to Amazon, asserting "a good faith belief that the material identified in [Deseret Book's] Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled." Because of Nanjing Trading Co.'s counter notifications, Amazon reinstated the listings on its website. Nanjing Trading

Co. continues to sell unauthorized reproductions of the Olsen paintings in violation of U.S. copyright law.

## ANALYSIS

Deseret Book moves the court to enter an ex parte TRO (1) ordering Nanjing Trading Co. to cease advertising or selling reproductions of Olsen's paintings and (2) ordering Amazon to freeze all funds found in Nanjing Trading Co.'s account to preserve Deseret Book's right to an accounting. To obtain injunctive relief, the moving party must establish: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). The court finds that Deseret Book has satisfied the requirements for injunctive relief.

First, Deseret Book will likely prevail on the merits. "In order to prevail on [a] copyright infringement claim, Plaintiff must establish both: (1) that it possesses a valid copyright and (2) that Defendants 'copied' protectable elements of the copyrighted work." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996). Deseret Book has presented the court with evidence that it owns the registered copyrights for the Olsen paintings. Furthermore, Nanjing Trading Co.'s numerous listings on Amazon demonstrate that it is offering for sale exact reproductions of those same works.

Second, Deseret Book has demonstrated that it will suffer irreparable harm absent injunctive relief. "Because the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill, [the Tenth Circuit recognizes] a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff

has demonstrated a likelihood of success on the merits." *Id*. at 1288–89. Moreover, Deseret Book has presented direct evidence of loss of customer goodwill in the form of negative reviews left by Nanjing Trading Co.'s customers for the poor quality of the reproductions. The potential for loss of customers due to Nanjing Trading Co.'s infringement constitutes irreparable harm.

Third, the balance of harms favors Deseret Book. As noted above, Deseret Book has shown that absent injunctive relief, it will be harmed by Nanjing Trading Co.'s infringement. And although an injunction will certainly harm Nanjing Trading Co., the loss of profits obtained from infringement will not affect the balance of harm analysis. *See Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007) ("[W]hen the case for infringement is clear, a defendant cannot avoid a preliminary injunction by claiming harm to a business built upon that infringement.").

Fourth, the requested TRO is in the public interest. Enforcing copyrights upholds the purpose of copyright law: encouraging the creation of artistic works. *See Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993) ("In copyright cases, . . . [the public interest] factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections."). Moreover, the public has an interest in avoiding exposure to deceitful offers for the sale of unauthorized and substandard products.

Deseret Book has also satisfied the requirements for obtaining a TRO without notice. A court may issue a TRO without notice to an adverse party only if the moving party (1) demonstrates specific facts clearly showing that irreparable injury would occur before the adverse party could be heard and (2) describes efforts to notify the adverse party and gives reasons as to why it should not be required. FED. R. CIV. P. 65(b)(1). "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their

underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (citation omitted). Cases where notice would render further prosecution "fruitless"—such as when an alleged infringer would likely dispose of the infringing goods before the hearing—warrant ex parte relief. *In re Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

Deseret Book has shown that irreparable injury will likely occur before Nanjing Trading Co. could be heard and has given convincing reasons why notice should not be required. The court finds that Nanjing Trading Co. is a willful infringer of Deseret Book's copyrights. The court further finds that Nanjing Trading Co. submitted its counter notifications to Amazon in bad faith in order to continue to profit from its infringing activity. Moreover, as a foreign entity, Nanjing Trading Co. can easily expatriate its ill-gotten profits if given notice, effectively denying Deseret Book any remedy for its copyright claims. Other courts have recognized the need for ex parte relief in cases involving foreign counterfeiters operating over the internet. *See, e.g.*, *Gucci Am., Inc. v. Los Altos Boots, Inc.*, No. CV 14-06680-BRO(AJW), 2014 WL 12561613, at *4 (C.D. Cal. Aug. 27, 2014) (issuing an ex parte TRO where plaintiff alleged the foreign defendant could easily hide, destroy, conceal, or transfer the counterfeit goods and records); *Yanmar Co., Ltd. v. Baoluli Happy*, No. 1:19-cv-5331-TCB, 2019 WL 8277259, at *3 (N.D. Ga. Nov. 25, 2019) ("Foreign parties that sell Counterfeit Products often 'disappear' when notified that their conduct is unlawful, only to set up a new online storefront under a new name, with new financial accounts."). This court similarly finds that ex parte relief is warranted under the facts of this case.

Finaly, the court finds that an injunction bond is not required. The court may "in the exercise of discretion, determine a bond is unnecessary to secure a preliminary injunction 'if there is an absence of proof showing a likelihood of harm'" to the defendant. *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) (citation omitted). Given the strength of Desert Book's evidence that Nanjing Trading Co.'s internet sales were founded on blatant copyright infringement, the court concludes that a TRO will not subject it to compensable harm.

## CONCLUSION AND TRO

For the above-stated reasons, the court grants Deseret Book's motion for a TRO. As of January 8, 2025 at 9:00 a.m., the court orders as follows:

(1) The court orders Nanjing Lian Yidu Trading Co., Ltd. to immediately cease selling or advertising reproductions of the paintings of Greg Olsen in the United States.

(2) The court orders Amazon.com, Inc. to freeze the funds in found in any Amazon accounts held by Nanjing Lian Yidu Trading Co., Ltd., prohibiting any person or entity from withdrawing these funds. After receiving notice of this order, Amazon shall have 48 hours to comply.

(3) The court orders Deseret Book Company to serve this TRO on Amazon within 48 hours of the date and time that this order is entered.

(4) The court orders Deseret Book to serve this TRO on Nanjing Trading Co. by January 13, 2025 by emailing a copy to guoyoutuo7539@163.com.

(5) The court will hold a preliminary injunction hearing on January 21, 2025 at 10:00 a.m. The hearing will be held over Zoom. The court will send a link to all attorneys that

have made an appearance in this case. Any written opposition to a preliminary injunction shall be due by January 16, 2025.

(6) This TRO will expire on January 22, 2025 at 9:00 a.m.

DATED January 8, 2025.

                        BY THE COURT

                        _____
                        Jill N. Parrish
                        United States District Court Judge