### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DESERET BOOK COMPANY,<br><br>　　Plaintiff,<br><br>v.<br><br>NANJING LIAN YIDU TRADING CO., LTD.,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION<br><br>Case No: 2:24-cv-00961-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Defendant Nanjing Lian Yidu Trading Co., LTD has failed to appear or defend, and default has been entered. ECF No. 30. Before the court is plaintiff Deseret Book Company's Motion for Default Judgment and Permanent Injunction. ECF No. 31. The court GRANTS the motion.

### BACKGROUND

Deseret Book is a corporation organized under the laws of the State of Utah with its principal place of business at 55 N 300 W, Suite 300, Salt Lake City, Utah, 84101. ECF No. 1 at ¶ 5. Deseret Book is the owner by assignment of the copyright in certain paintings by Mr. Greg Olsen, including the sixty-six registered copyrighted works identified in the Complaint (the "Olsen Works" or the "Asserted Copyrights"). *Id.* at ¶ 3. Defendant Nanjing Lian Yidu Trading Co., Ltd. ("Nanjing" or "Defendant") is a Chinese business entity and Amazon seller. The Complaint alleges that the Defendant makes and sells hundreds of unlicensed copies of the Olsen Works without the authorization of Deseret Book, like the example shown below:

1

| **A Light to the Gentiles (No. 1)** U.S. Copyright No. VA0000873362 | **Alleged Infringing Amazon Listing** ASIN: B0CNL8NFBF |
|---|---|
|  | |

*Id.* at ¶ 18. In particular, the Complaint alleges Defendant infringes Deseret Book's sixty-six registered copyrights in the Olsen Works. *Id.* at ¶ 26. The Complaint alleges that Defendant has marketed and sold infringing products in 516 separate Amazon product listings. The Defendant's products are not affiliated with Deseret Book; the Complaint alleges they are unlawful, unlicensed copies of genuine Olsen Works. *Id.* at ¶ 8.

Before filing its Complaint, Deseret Book submitted Digital Millenium Copyright Act ("DMCA") "Notices of Infringement" to Amazon alleging that Nanjing's product listings infringed Deseret Book's Copyrights. *Id.* at ¶ 28. In response, Nanjing submitted scores of DMCA "Counter-Notifications" pursuant to 17 U.S.C. § 512(g)(3). *Id.* In each counter-notification— consistent with the requirements of § 512(g)(3)—the defendant consented "to the jurisdiction of any judicial district in which Amazon may be found." *Id.*

2

**LEGAL STANDARD**

The federal rules provide for a two-step process for obtaining a default judgment. *Keith v. Koerner*, No. 11-cv-2281, 2016 WL 4541447, at *2 (D. Kan. Aug. 30, 2016). First, the Clerk enters default against the defendant for failing to plead or otherwise defend. *Id.* After default is entered, a defendant is deemed to have admitted the well-pleaded facts in the complaint. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Thereafter, Plaintiff must apply for default judgment. Where Plaintiff seeks default judgment for something other than a sum certain, Plaintiff must apply to the court pursuant to Fed. R. Civ. P. 55(b)(2). *Keith*, 2016 WL 4541447, at *2; *see also* DUCivR 55-1(b)(2). The court must next consider whether there is sufficient basis for the requested judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). In addition, the court must assess "subject matter jurisdiction and personal jurisdiction before granting default judgment." *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1330 (D. Utah 2006).

**ANALYSIS**

**I.      SUBJECT MATTER JURISDICTION**

Under 28 U.S.C. § 1331, the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The claims of the Complaint are based on federal copyright laws, which vest subject matter jurisdiction in this court. *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1330 (D. Utah 2006); 28 U.S.C. § 1331. Accordingly, the court concludes that it has subject matter jurisdiction over this dispute.

**II.     PERSONAL JURISDICTION**

Deseret Book argues the court has personal jurisdiction because the Defendant consented to jurisdiction in this district. ECF No. 1 at ¶ 10. Before filing its Complaint, Deseret Book submitted Digital Millenium Copyright Act ("DMCA") "Notices of Infringement" to Amazon

alleging that Defendant's product listings infringed the Asserted Copyrights. *Id.* at ¶ 28. In response, the Defendant allegedly submitted scores of DMCA "Counter-Notifications" pursuant to 17 U.S.C. § 512(g)(3). *Id.* In each counter-notification—consistent with the requirements of 17 U.S.C. § 512(g)(3)—Defendant consented ". . . to the jurisdiction of any judicial district in which Amazon may be found." *Id.* The Tenth Circuit held, in reference to Section 512(g)(3), that Amazon may be found in Utah. *DP Creations, LLC v. Adolly.com*, No. 23-4126, 2024 WL 4491924, *6 (10th Cir. Oct. 15, 2024). Accordingly, the court may exercise personal jurisdiction over the Defendant because it consented to personal jurisdiction in Utah.

### III.  DEFAULT JUDGMENT FOR COPYRIGHT INFRINGEMENT

A default judgment must be supported by a sufficient basis in the pleadings. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)). Because Defendant has failed to appear or defend itself against Deseret Book's claim, *see* ECF No. 30, the court may enter a default judgment if the pleadings constitute a cause of action.

The Complaint alleges copyright infringement of Deseret Book's exclusive rights under the Copyright Act 17 U.S.C. §§ 106 and 501, including Deseret Book's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display the Olsen Works. ECF No. 1 at ¶ 25. To prove copyright infringement under 17 U.S.C. § 106, two elements must be established: (1) ownership of a valid copyright; and (2) unauthorized "copying" of protectable elements of a copyrighted work. *E.g., Country Kids `N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996). Both elements are present where a Defendant made and distributed exact copies of a registered copyrighted work.

Deseret Book is the owner by assignment of the following U.S. Copyright Registrations: VA0000873362,  VA0001428370;  VA0000609534;  VA0000603960;  VA0001428355;

4

VA0000815416;   VA0001841671;   VA0001834521;   VA0001834530;   VA0001679240;

VA0001016343;   VA0001839942;   VAu000365269;   VA0000815468;   VAu000415388;

VA0000594875;   VA0001428367;   VA0000837404;   VA0000818793;   VA0001641068;

VA0001428369;   VA0001834522;   VA0001428356;   VA0001073636;   VA0001428361;

VAu001014319;   VA0001834524;   VAu000314555;   VA0001017483;   VA0001839870;

VA0001839922;   VA0001839920;   VAu000510364;   VA0001048145;   VA0001834528;

VA0001185983;   VA0000868362;   VA0001839917;   VA0001839954;   VA0000663484;

VA0000663484;   VA0001428362;   VA0001657789;   VA0001839926;   VA0000708691;

VA0000708691;   VA0001839960;   VA0001839960;   VAu000441404;   VA0000668914;

VAu001029431;   VA0000883003;   VA0000690183;   VA0001641505;   VAu001029427;

VA0001839448;   VA0001428368;   VA0001428368;   VA0001834532;   VA0001839442;

VAu001029430;   VA0000768065;   VA0000926799;   VA0001120513;   VAu000343475;

VA0001684419;  VA0001684419;  VA0001417229;  VA0001417229;  VA0001428364;  and

VA0001839890 (hereinafter the "Asserted Copyrights"). *See* Compl. ¶ 22, Exhibit 1-1 through Exhibit 1-66.

Regarding the second prong, the images that are the subjects of the Asserted Copyrights were exactly reproduced by the Defendant. *See* ECF No. 1 at ¶ 18, Exhibits 2-1 through Exhibit 2-66. Defendant produced, reproduced, and/or prepared reproductions of Deseret Book's protected works without Deseret Book's consent. *See id.* at ¶ 22, Exhibit 2-1 through 2-66. Defendant infringes the Asserted Copyrights in 516 Amazon ASIN product listings. *See id.* at ¶ 26, Exhibit 1-1 through 1-66; *see also* Exhibit 2-1 through 2-66.

Accepting the allegations in the Complaint as true, the court finds that the Defendant made unlawful copies of the 66 protected works in 516 product listings. The court has reviewed the

Complaint and the associated exhibits. The well-pleaded facts of the Complaint being accepted as true, Plaintiff has established that the Defendant violated 17 U.S.C. §§ 106 and 501 through its unauthorized copying of the Asserted Copyrights.

## IV.    DAMAGES FOR COPYRIGHT INFRINGEMENT

"Default judgment . . . cannot be entered until the amount of damages has been ascertained." *Stampin' Up!, Inc. v. Hurst*, Case No. 2:16-cv-00886-CW, 2018 WL 2018066 at \*6–\*7 (D. Utah May. 1, 2018). This ensures plaintiff receives damages "supported by actual proof." *See id.* "The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is not required where damages "are capable of mathematical calculation." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

Deseret Book seeks statutory damages for the Defendant's infringement. The Copyright Act provides a range of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, where the copyright owner proves willfulness, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id* § 504(c)(2). An act of copyright infringement is "willful" when the infringer knows its conduct is infringing or if the infringer has acted in reckless disregard of the copyright owner's rights. *Video Views, Inc. v. Studio 21 Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991). "In order to show that infringement was willful, the plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes v. Rushton*, No. 2:14-cv-627, 2018 WL 2214593, at \*1 (D. Utah May 14, 2018).

In this case, Defendant's infringement was willful. Defendant blatantly disregarded

copyright laws by selling exact copies of the copyrighted works through 516 separate product listings on Amazon. When confronted with its infringement, Defendant submitted numerous false DMCA counter-notifications to Amazon for the purpose of maintaining its wrongful and infringing listings. The court concludes that Defendant knew its conduct was infringing or acted with reckless disregard for Deseret Book's rights. Because Defendant's infringement was willful, the permissible range of statutory damages in this case is between $750 and $150,000 per copyrighted work.

The amount of the statutory damages lies within the court's sound discretion "as the court considers just." 17 U.S.C. § 504(c)(1). Thus, within the statutory range established by Congress, the amount of a statutory damages award is left to "the court's discretion and sense of justice." *F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 232 (1952) (citation omitted). In exercising this discretion, courts may consider the harm suffered by the plaintiff, the circumstances of infringement, and the need to discourage infringement. *Id.* at 232–33.

Deseret Book asks the court to award the statutory maximum of $150,000 for each of the 66 copyrighted works at issue in this case, for a total of $9.9 million. The court, however, elects to award a lower amount. The principal reason for this reduction is the limited amount of infringing sales, which totaled $4,099.72. Deseret Book's request for an award of $9.9 million is unjustifiably disproportionate to this amount. But other factors weigh against awarding the statutory minimum of $750 per work. Deseret Book produced evidence that Defendants provided low-quality prints to some customers, failed to even deliver prints to other customers, and failed to provide refunds to unsatisfied customers. Deseret Book argues that these acts resulted in the loss of good will and degraded the value of the copyrights in the eyes of consumers. Although Deseret Book did not provide evidence to quantify these soft damages, courts may consider damages that are difficult or

impossible to prove when fixing an amount of statutory damages. *Id.* at 231. The court also takes into account the brazen nature of Defendant's copyright infringement and the need to discourage such patent disregard for copyright protections. *Id.* at 233 ("The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes."). Based on these considerations, the court elects to award statutory damages in the amount of $5,000 per work, for a total of $330,000.

## V.      PERMANENT INJUNCTION

Deseret Book seeks a permanent injunction preventing the Defendant from undertaking any future infringing acts of unlawful infringement. To obtain a permanent injunction, the plaintiff must demonstrate:

> (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (citation omitted). "A copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a)." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996).

The first element has been met. Defendant willfully infringed Deseret Book's copyrights. As to the second prong, "irreparable harm findings are based on such factors as the difficulty in calculating the damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004); *see also Sw. Stainless*, 582 F.3d at 1191 ("A district court may find irreparable harm based upon evidence suggesting that it is impossible to

precisely calculate the amount of damage plaintiff will suffer." (citation omitted)). It is impossible to calculate the value of the loss of customers and goodwill. *See id.* at 1192 (affirming a finding of irreparable harm "[b]ecause it is so difficult to prove the value of goodwill"). Moreover, when confronted with its infringement, the Defendant took steps to continue its infringement, thus raising the likelihood of continued infringement that monetary damages cannot remedy. ECF No. 1 at ¶ 28. Thus, Deseret Book has established irreparable harm absent an injunction.

As to the third prong, there is no hardship to Defendant because a permanent injunction will merely prevent Defendant from engaging in further unlawful activity. *See Klein-Becker USA, LLC v. Tahini*, No. 2:07-cv-521, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008) ("Producing and selling counterfeit goods is illegal. There can be no cognizable harm to the Defendants by the issuance of an order requiring them not to break the law."). Similarly, entering a permanent injunction will not disserve the public interest. To the contrary, it will protect copyrighted material and encourage compliance with the Copyright Act. *See Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993) ("In copyright cases . . . this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections."), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

Accordingly, the court will GRANT a permanent injunction in favor of Deseret Book Company as set forth below.

## VI.     ATTORNEYS' FEES

Deseret Book seeks to recover $42,334.50 in attorneys' fees and costs associated with the present litigation. In support of this request, Deseret Book's counsel submitted a declaration with a spreadsheet of fees and costs attached. *See* Fees Declaration of Brian Platt, ECF No. 32. The

9

spreadsheet outlines the billing rates for individuals who worked on this case, as well as brief descriptions of the work performed. The Copyright Act expressly permits the court to award the prevailing party its "full costs," including "reasonable attorney's fees." 17 U.S.C. § 505. "Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of willfulness." *Tu v. TAD Sys. Tech. Inc.*, No. 08-cv-3822, 2009 WL 2905780, at *8 (E.D.N.Y. Sept. 10, 2009). The court finds that Defendant acted willfully in infringing Deseret Book's copyrights. Accordingly, to further the goal of deterrence, the court holds that Deseret Book is entitled to $42,334.50 in reasonable attorneys' fees and costs.

## CONCLUSION AND ORDER

The court orders as follows:

(1)     The court enters default judgment against Defendant Nanjing Lian Yidu Trading Co., Ltd. ("Nanjing"), and awards statutory damages in the amount of $330,000.

(2)     The court grants Deseret Book's motion for a permanent injunction. Defendant and its agents, servants, employees, attorneys-in-fact, web hosting providers, domain name registrars, and persons in active concert or participation with them who receive actual notice of this Order, are hereby restrained from using any copyrighted images owned by Deseret Book Company or any copyrighted images of any Deseret Book Company work in connection with the sale, offer for sale, promotion, marketing, or advertisement of any product; and from selling any products copyrighted by Deseret Book Company.

(3)     The court grants Deseret Book's motion for attorneys' fees and costs in the amount of $42,334.50.

DATED March 16, 2026.

                                                                     Jill N. Parrish
                                                                    United States District Judge